ORIGINAL

STEVEN JAY KATZMAN
UNITED STATES TRUSTEE
JILL M. STURTEVANT
Assistant United States Trustee
BRUCE S. SCHILDKRAUT, SBN 138737
Senior Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
725 S. Figueroa Street, Suite 2600
Los Angeles, California 90017
(213) 894-1507         (213) 894-2603 Fax

FOR COURT USE ONLY
707b
Revised 11/02

FILED

2005 JUL -7  PM 6:20

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
## Los Angeles Division

In re:   **JAMES S. KIM and SUGIE W. KIM,**

Debtor.

**NOTICE OF MOTION AND MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(a) or § 707(b); DECLARATIONS OF SAM LOR AND BRUCE S. SCHILDKRAUT IN SUPPORT THEREOF**

CHAPTER 7

CASE NUMBER:  LA 05-17206-TD

TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, DEBTORS, DEBTORS ATTORNEY, CHAPTER 7 TRUSTEE AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated Courtroom, the United States Trustee will move, and does hereby move the Court for an order dismissing the above entitled chapter 7 case on the grounds set forth below.

Hearing Date:   August 4, 2005
Hearing Time:   11:00 a.m.
Courtroom:      1345
                255 E. Temple Street
                Los Angeles, California

If you wish to oppose this motion, you must file a written response with the Court and serve a copy of it upon the United States Trustee at the address set forth in the upper left-hand corner of this document and upon the chapter 7 trustee, and upon the debtor and the debtor's attorney, if any, no less than fourteen (14) days prior to the above hearing date (Local Bankruptcy Rule 9013-1(1)(g)).   The Court may treat failure to file a written response to this motion within the required time period as a waiver of your right to oppose the Motion and may grant the requested relief.

This Motion is based on the following grounds and facts:

**(This motion is continued on the next page.)**

33/p

| Page 2 | |
|---|---|
| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

1.  The Debtors filed their joint voluntary chapter 7 bankruptcy petition on April 6, 2005. (For reasons set forth below, this joint case will hereinafter be referenced as "Case Number 2"). True and correct copies of the Debtors' Petition, Schedules and Statement of Financial Affairs are collectively attached as Exhibit "1" to the declaration of U.S. Trustee Bankruptcy Analyst Sam Lor (the "Lor Declaration"), and incorporated herein by his reference.[1/]

2.  One of the Debtors, Mr. James Kim, filed an individual chapter 7 bankruptcy case on April 15, 2004, as case number LA 04-18621-TD. Based on Debtor's failure to appear for his original and continued 341(a) meeting of creditors, his individual case was dismissed on June 25, 2004. (The individual case will hereinafter be referenced as "Case Number 1"). True and copies of Mr. Kim's individual bankruptcy case docket and his Schedules and Statement of Financial Affairs are attached to the Lor Declaration as Exhibit "2" and  and incorporated herein by this reference.

3.  The section 341(a) first meeting of creditors was first set by the Court for May 10, 2005.

4.  On or about April 26, 2005, the OUST called Mr. Korosh Shahriari, the attorney who filed both Case Number 1 and Case Number 2, to inquire about the circumstances of the Debtors' petition and to request numerous documents to be provided before the initial §341(a) meeting on May 10, 2005. See the declaration of Bruce S. Schildkraut attached hereto.

5.  Mr. Shahriari alleged to the OUST that the individual who filed Case Number 2 was not the same individual who filed Case Number 1. Mr. Shahriari further alleged that the individual who filed Case Number 1 was the brother of the individual who filed Case Number 2 and used the social security number of his brother when he filed Case Number 1. Id.

6.  Neither the Debtors nor their attorney, Mr. Shahriari, attended the §341(a) meeting on May 10, 2005 to substantiate the allegations made by Mr. Shahriari. The meeting was continued to June 10, 2005. On or about June 9, 2005, the OUST received a call from Mr. Shahriari who said he was withdrawing as attorney for the Debtors. Id.

7.  At the continued 341(a) meeting on June 10, 2005, Mr. Robert Ubanks appeared for the Debtors and indicated that they had obtained a new attorney, Mr. Walter Huff.

8.  On June 20, 2000, an inquiry letter was sent to the Debtors' new attorney, Mr. Huff, requesting the documents that had previously been requested from Debtors' former attorney. A true and correct copy of the letter is attached hereto as Exhibit "3" and incorporated herein by this reference. To date, the OUST has not received a response.

---

[1/]   The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs and other documents filed therewith, which are in the Court's file, pursuant to Fed.R.Evid. 201, as made applicable to bankruptcy proceedings by Fed.R.Bankr.Proc. 9017

**(This motion is continued on the next page.)**

| Page 3 | |
|---|---|
| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

9.    The Schedules filed in Mr. Kim's individual case, Case Number 1, indicate as follows:

    a.    Schedule "B" reflects personal assets of $997.00, including a 1983 Oldsmobile Sedan valued at $500;

    b.    Schedule "D" does not list any secured debts;

    c.    Schedule "E" does not list any unsecured priority debt;

    d.    Schedule "F" lists $33,839 of general unsecured debt.

    e.    Schedule "I" lists net monthly income of $675.00 and Schedule "J" lists $675.00 of monthly expenses.

10.    The Schedules filed in the Debtors' joint case, Case Number 2, indicate as follows:

    a.    Schedule "B" indicates personal property assets of $6,750.00, including a 1997 Honda Accord valued at $4,500;

    b.    Schedule "D" does not list any secured debts;

    c.    Schedule "E" does not indicate any unsecured priority debt;

    d.    Schedule "F"  indicates $212,705.54 of general unsecured debt.

    e.    Schedule "I" lists net monthly income of $1,110.00 and Schedule "J" lists $1,530.00 of net monthly expenses, which expenses exceed Debtors' income by $420.00 per month. See Exhibits 1 and 2, respectively.

11.    The June 20, 2005 inquiry letter sent by Mr. Lor was an attempt to find out how and why these Debtors could incur in excess of $200,000.00 of unsecured debt during a time that they were retired and living on a pension. More importantly, Mr. Lor attempted to find out: (a) How the Debtors incurred in excess of $212,705.54 of Schedule F unsecured debts in Case Number 2, when in the dismissed Case number 1, Debtor only had $33,000 of unsecured debt; (b) How Mr. Kim was single in Case Number 1 and married in Case Number 2; (c) How the Debtors now own a 1997 Honda Accord while in Case Number 1, Mr. Kim's owned a 1983 Oldsmobile Sedan; (d) In Case Number 2, Debtors' Statements of Financial Affair does not reflect a sale of an automobile; and (e) it is unclear where the Debtors obtain the cash funds to purchase a 1997 Honda Accord free and clear. All of these discrepancies were made under penalty of perjury.

12.    To date, the Debtors have been uncooperative and have failed to provide any sufficient response and documents as requested on April 26, 2005 and June 20, 2005.

13.    The U.S. Trustee believes that this case was filed in substantial abuse of section 707(b) of the Bankruptcy Code, because the Debtors filed this case after they incurred in excess of $212,000.00 in consumer credit card debt, during a period of time where they had virtually no income and, therefore, had neither the ability nor any reasonable prospect of repayment.

**(This motion is continued on the next page.)**

| Page 4 | |
|---|---|
| In Re:  **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

## MEMORANDUM OF POINTS AND AUTHORITIES

14.   Jurisdiction and Standing.  Under 11 U.S.C. § 707(a) a Court may dismiss a case, after notice and hearing.  Section 707(a) is commonly referred to as the "for cause" dismissal.  Section 707(a) provides a non-exhaustive list of grounds to dismiss a case.  See, 11 U.S.C. § 102(3) ("'includes' and 'including" are not limiting") and *In re Padilla*, 222 F. 3d 1184, 1191 (9th Cir. 2000).  Dismissal under § 707(a) is geared toward maintaining the integrity of the bankruptcy process. *In re Motaharnia*, 215 B.R. 63, 67 (Bankr. C.D. Cal. 1997).  In the instant case, the Debtor's decision to: (1) incur $212,000.00 of credit card debt at a time when they could not possibly repay the obligation, should be considered the for "cause" basis for dismissing this case.

As described herein and evidenced by the Debtors' total lack of cooperation with the U.S. Trustee, these Debtors have abused the bankruptcy process and should not be rewarded for their lack of candor and affirmative dishonesty.  Therefore, the court may protect its own integrity as well as the integrity of the bankruptcy system from such conduct by dismissing the subject case, with or without prejudice. *In re Rainbow Magazine*, 77 F.3d 278 (9th Cir., 1996).  See also, *In re Kestell*, 36 C.B.C.2d 1713 (4th Cir. 1996) (failure to schedule assets or turn assets over to the trustee).

Further, 11 U.S.C. §707(b) specifically provides:

After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.  There shall be a presumption in favor of granting the relief requested by the debtor.

Thus, the Court may dismiss the case if the U.S. Trustee shows that: (1) The Debtors are individuals;[2] (2) that the debts are primarily consumer debts; and (2) that the granting of the relief would be a substantial abuse of the provisions of the Bankruptcy Code ("substantial abuse").

15.   Substantial Abuse Standard.  The primary factor in determining substantial abuse in the Ninth Circuit is "the Debtors' ability to pay his debts when due, as determined by his ability to fund a chapter 13 plan." *In re Kelly*, 841 F.2d at 914.  As stated in *Kelly*, "a finding that a debtor is able to pay his debts, standing alone, supports a conclusion of substantial abuse." *Id.*, at 915.  The Kelly test is now referred to as the "*per se*" test. *In re Harris*, 960 F.2d 74 (8th Cir., 1992).

However, substantial abuse is not limited to only situation where the debtor has an ability to repay his or her creditors.  There are other instances where substantial abuse can be shown even if a debtor does not have the ability to pay his or her creditors.  ("[T]his is not to say that inability to pay will shield the debtor from § 707(b) dismissal where bad faith is otherwise shown." *In re Kelly*, 841 F.2d at 915).  The Ninth Circuit specifically held that the accumulation of consumer debt, such as credit card debt, in

---

[2] The Debtors' petition indicates that they are both individuals.

(This motion is continued on the next page.)

| Page 5 | |
|---|---|
| In Re:  **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

anticipation of filing for bankruptcy[3] "is a type of misconduct contemplated by § 707(b)." *In re Padilla*, 222 F.3d at 1194.

In the *Motaharnia* case, Judge Mund considered five factors in determining whether dismissal of a substantial credit card debt case was appropriate:

    (1)    is the overwhelming percentage of the debtor's unsecured debt credit card debt;

    (2)    has the debtor used so many credit cards that it would multiply the workload of the court to adjudicate each § 523(a)(2) action separately;

    (3)    is there no economic incentive for an individual creditor to bring a § 523 action;

    (4)    was the credit card used for luxury goods, high lifestyle or improper purpose; and

    (5)    did the debtor try to make an honest effort to repay these obligations before filing bankruptcy.

*In re Motaharnia* 215 B.R. at 73.

Here, the Debtors meets all five *Motaharnia* factors. First, the overwhelming percentage, if not all, of the Debtors' unsecured debt is based upon their use of credit card accounts and other personal consumer credit. As revealed by the U.S.Trustee's factual investigation, virtually all of their Schedule "F" debt of $212,000.00 was incurred during a time where they had virtually no income and, therefore, could not have had any expectation to repay this debt

Second, since the Debtors have used numerous different credit cards, it would multiply the Court's workload if each potential § 523(a)(2) action had to be adjudicated separately.

Third, there is no economic incentive for the Debtors' individual credit card creditors to each bring a separate § 523 action because most of the individual credit card claims are for less than $10,000.00, and overall, are owed an average of about $6,820.00 each.

Lastly, the Debtors appears to have made little or no effort to repay these unsecured obligations before filing for bankruptcy

Under these circumstances, it is a plain factual observation that given the Debtors' long-standing, gross income level (median) at or about $1,000.00, at the time all of these credit card charges/ cash advances were made, the Debtors could not and did not have the ability to repay these debts, nor could they have had any reasonable belief that they could or would satisfy these obligations.

16.    <u>Primarily Consumer Debts.</u>  "Consumer debt" is defined as a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The Ninth Circuit interprets "primarily" to mean that the overall ratio of consumer to non-consumer debt is greater than fifty percent. *In re Kelly*, 841 F.2d 908, 913 (9th Cir. 1988). *See, In re Kelly*, 841 F.2d at 913. The most common types of consumer debts are home mortgages, credit card debts and personal loans. *Id.* The U.S. Trustee submits that more than fifty percent of the debt described in the Debtors' schedules appears to be consumer debt.

---

[3] Referred to as a credit card "bust out". *In re Padilla*, 222 F.3d at 1188.

(This motion is continued on the next page.)

| Page 6 |
|---|

| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |
|---|---|

17.   <u>Ability to Repay - Magic Number.</u>  Courts have looked at either percentage repayment or actual dollar repayment in determining in evaluating whether a debtor's case should be dismissed under § 707(b). It is clear that each case must be evaluated on its specific facts.

    a.   <u>Percentage return.</u>  No minimum percentage amount has been set by statute or by case law as to the percentage required to meet the substantial abuse requirement. *In re Gaskins*, 85 B.R. 846 (Bankr. C.D. Cal. 1988) decided in this District by Judge Naugle, stated that the debtor's ability to pay 54% of his unsecured creditors constituted substantial abuse. In *In re Gomes*, 220 B.R. 84 (9th Cir. B.A.P. 1998), the Bankruptcy Appellate Panel upheld a dismissal under § 707(b) where the debtor could pay 43% of his Schedule F debts within three years.

    b.   <u>Dollar return.</u>  A debtor may have sufficient net disposable income per month that, while not constituting a large percentage payment to creditors, creates a substantial cumulative fund over 36 or 60 months which could be used to pay creditors. Conversely, even a relatively small amount of net monthly disposable income may be sufficient to warrant dismissal under § 707(b). *In re Nelson*, 223 B.R. 349, 353 (8th Cir. B.A.P. 1998) (holding that the Debtor's disposable income of approximately $209 a month was sufficient to support dismissal under §707(b), as 79.9% of the debtor's debt would be repaid within 36 months under a chapter 13 plan); *In re Johnson*, 115 B.R. 159, 164 (Bankr. S.D. Ill. 1990) (holding that the debtor's disposable income of $400 a month was sufficient to warrant dismissal under §707(b), as debtors could repay nearly 100% of their unsecured debts under a four-year plan).

    c.   <u>Repayment Period.</u>  It should be noted that the Court may also consider a debtor's ability to repay creditors over a five year period. *See, e.g., In re Johnson, supra* (4 years); and *In re Peluso*, 72 B.R. 732, 739 (Bankr. N.D.N.Y. 1987)(3 or 5 years).

18.   <u>Dismissal in the Public Interest.</u>  The Court should dismiss the case and vacate any discharge as a matter of public policy. There is no constitutional right to receive a discharge under Chapter 7. As the United States Supreme Court succinctly stated:

> The Bankruptcy Code is intended to serve those persons who, despite their best efforts, find themselves hopelessly adrift in a sea of debt. Bankruptcy protection was not intended to assist those who, despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors. Good faith and condor are necessary prerequisites to obtaining a fresh start. The bankruptcy laws are grounded on the fresh start concept. There is no right, however, to a head start.

*In re Zick*, 931 F.2d at 1120-30, *citing, In re Jones*, 114 B.R. 917 (Bankr. N.D. Ohio 1990)(*citing, Local Loan v. Hunt*, 292 U.S. 234 (1934)).

The United States Trustee has a statutory duty to investigate, ferret out and counter abuse of bankruptcy process. This duty is separate and independent of any rights that individual creditors, including credit card issuers, may have under § 523 and § 727 of the Bankruptcy Code. Unfortunately, incidents of credit card fraud continue to mar the integrity of the bankruptcy process, in part because debtors believe

(This motion is continued on the next page.)

| Page 7 | |
|---|---|
| In Re:  **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

that any abusive conduct will remain undetected, so even dishonest individuals will be able to discharge most or all of their credit card debts in bankruptcy. Few credit card companies file § 523 actions because, as described herein, unless the amount in controversy substantially exceeds the expected expense of such non-dischargeability litigation, it is simply not a cost-effective course of action. Consequently, despite their dishonest and abusive conduct, these debtors are able to substantially reap the benefits of the bankruptcy process.

19. The motivation of the United States Trustee lies not in enforcing the rights of or for any credit card company, but to protect and preserve the integrity of the entire bankruptcy system. The United States Trustee submits that allowing the discharge of the Debtor in the present case would promote abuse of the bankruptcy process. Therefore, by dismissing and vacating any discharge in this case, the Court will send out a clear message to the public that this kind of abuse will not be tolerated. Therefore, without any evidence to the contrary, based upon the evidentiary showing assembled herein by the USED, this apparent "credit card bust-out" case should be dismissed as a substantial abuse of the Bankruptcy Code under § 707(b).

20. It is submitted that the facts set forth above show that the Debtor's obligations are primarily consumer debts. As described herein, the Debtors accumulated substantial portions of his enormous debt load without either the ability to repay or any reasonable expectation of making such repayment. Granting of relief in this case would be a substantial abuse of the Code. This case should therefore be dismissed.

**WHEREFORE**, the United States Trustee requests that the Court enter an Order dismissing the above-entitled chapter 7 case under either § 707(a) or  § 707(b) and vacate any Order previously entered granting a discharge to Debtor.

Date: July 7, 2005

**OFFICE OF THE UNITED STATES TRUSTEE**

BRUCE S. SCHILDKRAUT
Attorney for the United States Trustee

(This motion is continued on the next page.)

| Page 8 | |
|---|---|
| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

### DECLARATION OF SAM LOR

I, Sam Lor, hereby declare as follows:

1.      I am employed as a Bankruptcy Analyst by the Office of the United States Trustee ("OUST") for the Central District of California.  The OUST is charged with the responsibility, pursuant to 28 U.S.C. §586(a)(3)(D), to supervise and monitor the administration of bankruptcy cases and, when appropriate, to take such action as the OUST deems appropriate to ensure that all schedules, reports, statements and fees required under Title 11 are properly and timely filed.  The OUST is also charged with the statutory responsibility of prosecuting motions to dismiss pursuant to 11 U.S.C. §707(b) for substantial abuse.

2.      I am the Analyst assigned to the instant case, In re: James S. and Sugie W. Kim, case no. LA 05-17206-TD (the "Debtors"), filed on April 6, 2005.  (For the reasons contained below, this case will hereinafter be referenced as "Case Number 2").  In connection therewith, I have personally conducted informal discovery as part of the OUST's investigation in this matter.  As such, I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

3.      Specific details of the Debtors' income are as reflected on their Schedule "I", sworn under penalty of perjury.  The Debtors indicate that they are married, are both retired, and have a total combined monthly income of $1,110.00.  Additionally, Debtors' Statement of Financial Affairs #1 reflects income for 2004 of $7,150.00 (an average of $595.83 per month) and $7,800.00 (an average of $650.00 per month) for year 2003.  True and correct copies of Debtors' instant Petition, Schedules and Statement of Financial Affairs are attached hereto as Exhibit "1" and incorporated herein by this reference.

4.      Additionally, as required by Local Bankruptcy Rule 1015-2, Debtors disclose that one of the Debtors, Mr. James Kim, filed a chapter 7 bankruptcy case on April 15, 2004, as case number LA 04-18621-TD.  This case was dismissed on June 25, 2004, with a 180-day bar against refiling.  (This case will hereinafter be referenced as "Case Number 1").  True and copies of Mr. Kim's individual bankruptcy case docket and his Schedules and Statement of Financial Affairs are attached as Exhibit "2" and  and incorporated herein by this reference.

5.      The Schedules filed in Mr. Kim's individual case, Case Number 1, indicate as follows:
  a.      Schedule "B" reflects personal assets of $997.00, including a 1983 Oldsmobile Sedan valued at $500;
  b.      Schedule "D" does not list any secured debts;
  c.      Schedule "E" does not list any unsecured priority debt;
  d.      Schedule "F" lists $33,839 of general unsecured debt.
  e.      Schedule "I" lists net monthly income of $675.00 and Schedule "J" lists $675.00 of monthly expenses.

6.      The Schedules filed in the Debtors' joint case, Case Number 2, indicate as follows:
  a.      Schedule "B" indicates personal property assets of $6,750.00, including a 1997 Honda Accord valued at $4,500;
  b.      Schedule "D" does not list any secured debts;
  c.      Schedule "E" does not indicate any unsecured priority debt;

(This motion is continued on the next page.)

| Page 9 | |
|---|---|
| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

    d.    Schedule "F" indicates $212,705.54 of general unsecured debt.

    e.    Schedule "I" lists net monthly income of $1,110.00 and Schedule "J" lists $1,530.00 of net monthly expenses, which expenses exceed Debtors' income by $420.00 per month. See Exhibits 1 and 2, respectively.

    7.    On or about April 26, 2005, the OUST called Mr. Korosh Shahriari, the attorney who filed both Case Number 1 and Case Number 2, to inquire about the circumstances of the Debtors' petition and to request numerous documents to be provided before the initial §341(a) meeting on May 10, 2005.

    8.    Mr. Shahriari alleged to the OUST that the individual who filed Case Number 2 was not the same individual who filed Case Number 1. Mr. Shahriari further alleged that the individual who filed Case Number 1 was the brother of the individual who filed Case Number 2 and used the social security number of his brother when he filed Case Number 1.

    9.    Neither the Debtors nor their attorney, Mr. Shahriari, attended the §341(a) meeting on May 10, 2005 to substantiate the allegations made by Mr. Shahriari. The meeting was continued to June 10, 2005. On or about June 9, 2005, the OUST received a call from Mr. Shahriari who said he was withdrawing as attorney for the Debtors.

    10.    At the continued 341(a) meeting on June 10, 2005, Mr. Robert Ubanks appeared for the Debtors and indicated that they had obtained a new attorney, Mr. Walter Huff.

    11.    On June 20, 2000, an inquiry letter was sent to the Debtors' new attorney, Mr. Huff, requesting the documents that had previously been requested from Debtors' former attorney. A true and correct copy of the letter is attached hereto as Exhibit "3" and incorporated herein by this reference. To date, the OUST has not received a response.

I declare under penalty of perjury that the foregoing facts are known by me to be true and correct and are based upon my personal knowledge.

Executed on July 7, 2005 in Los Angeles, California.

_____
Sam Lor

(This motion is continued on the next page.)

| Page 10 | |
|---|---|
| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

## DECLARATION OF BRUCE S. SCHILDKRAUT

I, Bruce S. Schildkraut, hereby declare:

1.      I am a member in good standing of the Bar of the State of California, and I am admitted to practice, among other, before the United States District Court for the Central District of California. I am employed as a Senior Trial Attorney by the Office of the United States Trustee (the "OUST") for the Central District of California, and am the attorney with primary responsibility for the chapter 11 bankruptcy case of Barry I. Fireman - LA 03-23029-ES (the "Debtor"). I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.      On or about April 26, 2005, I called Mr. Korosh Shahriari, the attorney who filed both Case Number 1 and Case Number 2, to inquire about the circumstances of the Debtors' petition and to request numerous documents to be provided before the initial §341(a) meeting on May 10, 2005.

3.      Mr. Shahriari alleged to me that the individual who filed Case Number 2 was not the same individual who filed Case Number 1. Mr. Shahriari further alleged to me that the individual who filed Case Number 1 was the brother of the individual who filed Case Number 2 and used the social security number of his brother when he filed Case Number 1.

4.      During our conversation, I suggested to Mr. Shahriari that he might have a conflict in that he first represented an individual who allegedly used his brother's social security card to file a bankruptcy case, thereby possibly committing a felony or at a minimum bankruptcy fraud, and now he is represented the victim of the felony, the person whose card was used. Mr. Shahriari did not express any concern with regard to what I viewed as a clear conflict of interest.

5.      Neither the Debtors nor their attorney, Mr. Shahriari, attended the §341(a) meeting on May 10, 2005 to substantiate the allegations made by Mr. Shahriari. The meeting was continued to June 10, 2005. On or about June 9, 2005, I received a call from Mr. Shahriari who said he was withdrawing as attorney for the Debtors, apparently recognizing that he had an actual conflict of interest between the two cases.

I declare under penalty of perjury that the foregoing facts are known by me to be true and correct and are based upon my personal knowledge.

Executed on July 7, 2005 in Los Angeles, California.

Bruce S. Schildkraut

**(This motion is continued on the next page.)**

United States Bankruptcy C—
Central District of Californ...

**IN RE:**

Kim, James S. & Kim, Sugie W.

_____
Debtor(s)

Case No. _____

Chapter **7** _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 2 | 6,750.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 212,705.54 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 1,110.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 1,530.00 |
| Total Number of Sheets in Schedules | | 14 | | | |
| Total Assets | | | 6,750.00 | | |
| Total Liabilities | | | | 212,705.54 | |

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property".

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim".

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | TOTAL | 0.00 | |

(Report also on Summary of Schedules)

SCHEDULE A - REAL PROPERTY

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

In RE: Kim, James S. & Kim, Su    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attached a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H" for Husband, "W" for Wife, "J" for Joint, or "C" for Community in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions only in Schedule C - Property Claimed as Exempt.

Do not include interests in executory contracts and unexpired leases on the schedule. List them in Schedule G - Executory Contracts and Unexpired Leased. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Washington Mutual checking  Washington Mutual checking | C  C  C | 50.00  100.00  300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | Household goods & furnishings | C | 1,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Wearing apparel | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | C | 800.00 |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |

SCHEDULE B - PERSONAL PROPERTY

© 1993-2004 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

## 16

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 5184-4500-4155-4969 <br> Chase Card <br> P.. Box 52195 <br> Phoenix, AZ 85072-2195 | | C | | | | | 7,229.64 |
| Account No. 5477-8780-0252-6129 <br> Citi Business Card <br> P.O. Box 44230 <br> Jacksonville, FL 32231-4230 | | C | | | | | 1,888.00 |
| Account No. 6011-0041-7023-9137 <br> Discover Card <br> P.O. Box 30395 <br> Salt Lake City, UT 84130-0395 | | C | | | | | 542.00 |
| Account No. 6011-0004-9352-2365 <br> Discover Card <br> P.O. Box 30395 <br> Salt Lake City, UT 84130-0395 | | C | | | | | 9,950.00 |
| Account No. 6011-3003-5003-3542 <br> Discover Card <br> P.O. Box 30395 <br> Salt Lake City, UT 84130-0395 | | C | | | | | 10,973.00 |
| Account No. 6011-3000-6751- 0857 <br> Discover Card <br> P.O. Box 30395 <br> Salt Lake City, UT 84130-0395 | | C | | | | | 11,638.00 |
| Account No. 4418-1191-4991-8837 <br> First National Bank Omaha <br> P.O. Box 2951 <br> Omaha, NE 68103-2951 | | C | | | | | 967.23 |

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Sheet _____ 2 of _____ 3 Continuation Sheets attached to Schedule F

Subtotal (Total of this page)    43,187.87

(Complete only on last sheet of Schedule F)  **TOTAL**
(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

22

IN RE: Kim, James S. & Kim, S
(Debtor(s)

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 5491-0009-0318-0102<br>**Fleet**<br>**Credit Card Services**<br>**P.O. Box 1070**<br>**Newark, NJ 07101-1070** | | C | | | | | 13,266.00 |
| Account No. 5491-0000-6342-4472<br>**Fleet**<br>**Credit Card Services**<br>**P.O. Box 1070**<br>**Newark, NJ 07101-1070** | | C | | | | | 10,340.00 |
| Account No. 5407-0700-0869-4045<br>**Household Credit Services**<br>**P.O. Box 60102**<br>**City Of Industry, CA 91716-0102** | | C | | | | | 5,267.81 |
| Account No. 5490-9970-4831-6494<br>**MBNA America**<br>**P.O. Box 15137**<br>**Wilmington, DE 19886-5137** | | C | | | | | 4,059.00 |
| Account No. 4436-0130-0176-1344<br>**National City Card Services**<br>**P.O. Box 856176**<br>**Louisville, KY 40285-6176** | | C | | | | | 5,079.00 |
| Account No. 4352-3734-0249-3388<br>**Target**<br>**National Bank**<br>**P.O. Box 59317**<br>**Minneapolis, MN 55459-0317** | | C | | | | | 12,457.00 |
| Account No. 5490-9600-0111-0486<br>**Wells Fargo Card Services**<br>**P.O. Box 30086**<br>**Los Angeles, CA 90030-0086** | | C | | | | | 7,810.00 |

Sheet ____3___ of _____3 Continuation Sheets attached to Schedule F

Subtotal
(Total of this page)  **58,278.81**

(Complete only on last sheet of Schedule F)  TOTAL  **212,705.54**
(Report total also on Summary of Schedules)

SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

SCHEDULE H - CODEBTORS

Case No. _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **15** sheets, and that
they are true and correct to the best of my knowledge, information, and belief.

<span style="font-size:small">(Total shown on summary page plus 1)</span>

Date: __3-15-05__        Signature: _____

James S. Kim                                     Debtor

Date: __3-15-05__        Signature: _____

Sugie W. Kim                                (Joint Debtor, if any)

[If joint case, both spouses must sign.]

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that
I have provided the debtor with a copy of this document.

_____        Social Security No. _____
Printed or Typed Name of Bankruptcy Petition Preparer                (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each
person.

_____        _____
Signature of Bankruptcy Petition Preparer                                    Date

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedures may result
in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a
member or an authorized agent of the partnership) of the _____
(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and
schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

<span style="font-size:small">(Total shown on summary page plus 1)</span>

Date: _____        Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

DECLARATION CONCERNING DEBTOR'S SCHEDULES

<span style="writing-mode:vertical">© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</span>

28

b. Describe all property that has ~~been~~ ~~attached, garnished or seized under any legal or equitable process~~ within one year immediately preceding
the commencement of this case. ~~(Married debtors filing under chapter 12 or chapter 13 must inc~~lude information concerning property of either
or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to
the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual
gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100
per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the
commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt
consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement
of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Law Offices Of Shahriari<br>18137 Sigmond Circle<br>Fountain Valley, CA  92708 | 1-21-2005 | 500.00 |

**10. Other transfers**

None ☑ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either
absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or
chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise
transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts,
certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, association,
brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or
both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

STATEMENT OF FINANCIAL AFFAIRS

13. Setoffs

☑ None   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

☑ None   List all property owned by another person that the debtor holds or controls.

---

**15. Prior address of debtor**

☑ None   If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

**16. Spouses and Former Spouses**

☑ None   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

---

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

☑ None   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

---

☑ None   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

☑ None   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

**18. Nature, location and name of business**

☑ None   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

---

☑ None   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

STATEMENT OF FINANCIAL AFFAIRS

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: _8-15-05_    Signature
of Debtor _____

                                            **James S. Kim**

Date: _3-15-05_    Signature
of Joint Debtor _____
(if any)

                                            **Sugie W. Kim**

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

STATEMENT OF FINANCIAL AFFAIRS

United States Bankruptcy Court
Central District of California

IN RE:                                                    Case No. _____

Kim, James S. & Kim, Sugie W.                            Chapter 7 _____
_____
                Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.
2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

*a. Property to be Surrendered*

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME |
|---|---|
| **None** | |

*b. Property to be Retained [Check any applicable statement.]*

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME | PROPERTY IS CLAIMED AS EXEMPT | PROPERTY WILL BE REDEEMED PURSUANT TO 11 U.S.C. § 722 | DEBT WILL BE RE-AFFIRMED PURSUANT TO 11 U.S.C. § 524(C) |
|---|---|---|---|---|
| **None** | | | | |

3-15-05
_____        _____        _____
    Date                   James S. Kim          Debtor        Sugie W. Kim        Joint Debtor (if applicable)

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____        _____
Printed or Typed Name of Bankruptcy Petition Preparer        Social Security No.
                                                              (Required by 11 U.S.C. § 110(c).)
_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____        _____
Signature of Bankruptcy Petition Preparer                    Date

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedures may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

33

United States Bankruptcy Ce
Central District of California

**IN RE:**

Case No. _____

Kim, James S. & Kim, Sugie W.

Chapter **7** _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ................................................................................ $ _____**500.00**

Prior to the filing of this statement I have received ................................................................................ $ _____**500.00**

Balance Due ................................................................................ $ _____**0.00**

2.  The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☐ Debtor ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
   e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_3-15-05_
Date

_K. S_____
Signature of Attorney

**Law Offices Of Korosh Shahriari**
Name of Law Firm

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

United States Bankruptcy Court
Central District of California

IN RE:                                                                    Case No. _____

**Kim, James S. & Kim, Sugie W.** _____    Chapter **7** _____
                        Debtor(s)

## NOTICE OF AVAILABLE CHAPTERS

1. Section 342(b) of 11 U.S.C. ("The Bankruptcy Code") states:

   "Prior to the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give written notice to such individual that indicates each chapter of this title under which such individual may proceed."

2. You are eligible to file under Chapter 7, whereby debts are discharged and your non-exempt assets are liquidated by the trustee for the benefit of your creditors.

3. You are eligible to file under Chapter 11 for debt reorganization upon payment of the additional fee required.

4. If your noncontingent, liquidated debts are less than $370,675.00 unsecured and $922,975.00 secured (11 U.S.C. § 109(e)), you are also eligible to file under Chapter 13 and to use future income to pay all or a portion of your debts.

5. At the present time, if you are a family farmer, with a regular annual income, as defined by 11 U.S.C. § 101(18)(19), you are not able to file under Chapter 12, as it has expired.

6. To determine which chapter to file under, it is recommended that you consult an attorney.

                        **JON D. CERETTO**
                        Clerk of Court


**I HAVE READ THE ABOVE "NOTICE OF AVAILABLE CHAPTERS."**

_____          **3.15-05**
Signature of Debtor                James S. Kim       Date

_____          **3-15-05**
Signature of Joint Debtor (if applicable)   Sugie W. Kim   Date

**If the court has previously ordered that you may not file bankruptcy for 180 days or any other period, you may not file bankruptcy without prior leave of the Court.**

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

United States Bankruptcy Co
Central District of California

IN RE:

Case No. _____

Kim, James S. & Kim, Sugie W.

Chapter **7** _____

_____
Debtor(s)

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____**4** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: **3-15-05** _____   Signature: _____

**James S. Kim**                                                    Debtor

Date: **3-15-05** _____   Signature: _____

**Sugie W. Kim**                                          Joint Debtor, if any

Date: **3-15-05** _____   Signature: _____

**Korosh Shahriari 166163**                          Attorney (if applicable)

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] · Forms Software Only

VERIFICATION OF CREDITOR MAILING LIST

James S Kim
13103 Halcourt Avenue
Norwalk, CA  90650


Sugie W Kim
13013 Halcourt Avenue
Norwalk, CA  90650


Law Offices Of Korosh Shahriari
18137 Sigmond Circle
Fountain Valley, CA  92708

Advanta Bank Corp
PO Box 30715
Salt Lake City, UT  84130-0715


American Express
PO Box 360002
Ft. Lauderdale, FL  33336-0002


AT&T Universal Card
PO Box 6402
The Lakes, NV  88901-6402


Bank Of America
PO Box 53132
Phoenix, AZ  85072-3132


Bank One
Card Member Services
PO Box 94014
Palatine, IL  60094-4014


Bank One
PO Box 8650
Wilmington, DE  19899-8650


BC&GM Platinum Master Card
Household Credit Services
PO Box 80027
Salinas, CA  93912-0027


Capital One
PO Box 85015
Richmond, VA  23285-5015

Capital One - K Mart
PO Box 34631
Seattle, WA  98124-1631


Chase Card
P Box 52195
Phoenix, AZ  85072-2195


Citi Business Card
PO Box 44230
Jacksonville, FL  32231-4230


Discover Card
PO Box 30395
Salt Lake City, UT  84130-0395


First National Bank Omaha
PO Box 2951
Omaha, NE  68103-2951


Fleet
Credit Card Services
PO Box 1070
Newark, NJ  07101-1070


Household Credit Services
PO Box 60102
City Of Industry, CA  91716-0102


MBNA America
PO Box 15137
Wilmington, DE  19886-5137


National City Card Services
PO Box 856176
Louisville, KY  40285-6176

Target
National Bank
PO Box 59317
Minneapolis, MN  55459-0317


Wells Fargo Card Services
PO Box 30086
Los Angeles, CA  90030-0086

IN RE:                                                                Case No. _____

Kim, James S. & Kim, Sugie W.                                         Chapter **7** _____
_____
Debtor(s)

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1. I am the attorney for the Debtor in the above-captioned case.

2. On (*specify date*) ____**1/21/2005**____, I agreed with the Debtor that for a fee of $ _____**500.00**, I would provide only the following services:

   a. ☑ Prepare and file the Petition and Schedules

   b. ☑ Represent the Debtor at the 341(a) Hearing

   c. ☐ Represent the Debtor in any relief from stay actions

   d. ☐ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

   e. ☐ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

   f. ☐ Other (specify):

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth below.

Dated: ___3 - 15 - 05_____        Law Firm: **Law Offices Of Korosh Shahriari**
                                                **18137 Sigmond Circle**
                                                **Fountain Valley, CA  92708**

I HEREBY APPROVE THE ABOVE:                       By: _____

_____        Name: **Korosh Shahriari**
Signature of Debtor(s)                             Attorney for Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

DECLARATION RE: LIMITED SCOPE OF APPEARANCE

© 1993-2004 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form B6C - (6/90)                                                    1998 USBC, Central District of California

| In re | | Case No.: |
|-------|--|-----------|
| KIM, JAMES S. & SUGIE W. Debtor. | | (if known) |

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).  Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|--------------------------|--------------------------------------|----------------------------|---------------------------------------------------------------|
| CASH ON HAND | Calif CCP 703.140(b)(5) | $ 50.00 | $ 50.00 |
| WASHINGTON MUTUAL CHECKING | Calif CCP 703.140(b)(5) | $ 100.00 | $ 100.00 |
| WASHINGTON MUTUAL CHECKING | Calif. CCP 703.140(b)(5) | $ 300.00 | $ 300.00 |
| HOUSEHOLD GOODS & FURNISHINGS | Calif. CCP 703.140(b)(5) | $ 1,000.00 | $ 1,000.00 |
| WEARING APPAREL | Calif CCP 703.140(b)(5) | $ 800.00 | $ 800.00 |
| 1997 HONDA ACCORD | Calif CCP 703.140(b)(5) | $ 4,500.00 | $ 4,500.00 |

SEARCH        LOGIN        SUGGESTIONS  USER PREF'S        HELP                HOME →

WebPACER Bankruptcy Case Search

# Case Information For Case 2:04-18621

| YR-Case #-Judge | Date Filed | Chapter | Case Type | Business? No | Paid? Yes |
|---|---|---|---|---|---|
| 04-18621-TD | 04/15/2004 | 7 | Individual Voluntary | Assets? No | |

**Name and Address of Debtor**
KIM, JAMES
964 S GRAMERCY PL #6
LOS ANGELES, CA 90019

**Name and Address of Joint Debtor**

**Debtor SSAN and/or Tax ID:** XXX-XX-0659

**Joint Debtor SSAN and/or Tax ID:**

**Attorney For Debtor**
KOROSH SHAHRIARI
LAW OFFICE OF KOOROSH SHARIARI &
18137 SIGMOND CIRCLE
FOUNTAIN VALLEY, CA 92708
714-448-9448

**Trustee Assigned**
ROSENDO GONZALEZ
GONZALEZ & ASSOCIATES
515 S. FIGUEROA ST STE 1970
LOS ANGELES, CA 90071
213-452-0071

**341 Meeting:**
05/18/2004 at 11:00 a.m.
725 South Figueroa St., Room 101, Los Angeles, CA 90017

**Confirmation Hearing:**

**Claims Deadline:**                          **Originally Filed:** 04/15/2004   **Dismissed:** 06/25/2004
**Complaints Deadline:** 07/19/2004      **Original Chapter:** 7          **Date Closed:** 07/22/2004

End of Case Information

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/05/2005 11:05:13 | | |
| **PACER Login:** | us7745 | **Client Code:** | |
| **Description:** | BK Coversheet | **Search Criteria:** | 04-18621 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

# Docket for Case 04-18621

| Filing Date | Entry No. | Entry |
|---|---|---|
| 04/15/2004 | 1 | Voluntary petition under chapter 7 [EOD 04/16/2004][DJI] |
| 04/15/2004 | 2 | Signature(s) page 2 of petition form B1 for attorney [EOD 04/16/2004][DJI] |

**43**

Geh. Z

| 04/15/2004 | 3 | Attorney's state bar number on page 1 of petition form [EOD 04/16/2004][DJI] |
| 04/15/2004 | 4 | Exhibit "B" (Individual Consumer/Non-Business) [EOD 04/16/2004][DJI] |
| 04/15/2004 | 5 | Exhibit "C" is not required [EOD 04/16/2004][DJI] |
| 04/15/2004 | 6 | Statement of related cases [EOD 04/16/2004][DJI] |
| 04/15/2004 | 7 | Notice of available chapters [EOD 04/16/2004][DJI] |
| 04/15/2004 | 8 | Summary of schedules [EOD 04/16/2004][DJI] |
| 04/15/2004 | 9 | Schedule A filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 10 | Schedule B filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 11 | Schedule C filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 12 | Schedule D filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 13 | Schedule E filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 14 | Schedule F filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 15 | Schedule G filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 16 | Schedule H filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 17 | Schedule I filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 18 | Schedule J filed [EOD 04/16/2004][DJI] |
| 04/15/2004 | 19 | Declaration concerning debtor's schedules [EOD 04/16/2004][DJI] |
| 04/15/2004 | 20 | Statement of financial affairs [EOD 04/16/2004][DJI] |
| 04/15/2004 | 21 | Statement of intention [EOD 04/16/2004][DJI] |
| 04/15/2004 | 22 | Disclosure of attorney fees [EOD 04/16/2004][DJI] |
| 04/15/2004 | 23 | Declaration of attorney's limited scope of appearance [EOD 04/16/2004][DJI] |
| 04/15/2004 | 24 | Verification of creditor matrix [EOD 04/16/2004][DJI] |
| 04/15/2004 | 25 | Matrix (mailing list) [EOD 04/16/2004][DJI] |
| 04/19/2004 | 26 | Notice of 341a meeting (requested from BNC) hearing on 05/18/2004 at 11:00 a.m. at 725 South Figueroa St., Room 101, Los Angeles, CA 90017 [Rescheduled] [EOD 04/19/2004][LLI] |
| 04/22/2004 | 27 | Certificate of mailing (10 copies) RE: Item #26 [EOD 04/23/2004][BNC] |
| 06/01/2004 | 28 | Trustee worksheet; meeting continued hearing on 06/10/2004 at 11:00 a.m. at 725 South Figueroa St., Room 101, Los Angeles, CA 90017 RE: Item #26 [EOD 06/02/2004][RG ] |

| 06/01/2004 | 29 | Notice of continued meeting of creditors and appearance of debtor (11 usc 341(a)) (w/proof of service) [EOD 06/02/2004][RG ] |
| 06/24/2004 | 30 | Trustee worksheet; request to dismiss case for failure to appear at the 341 meeting for the second time [EOD 06/25/2004][LDF] |
| 06/25/2004 | 31 | ORDER and notice of dismissal for failure to appear at 341a meeting of creditors with 180-day restriction(req. from BNC) RE: Item #30 [EOD 06/25/2004][LDF] |
| 06/24/2004 | 32 | Final report of trustee in a dismissed case [EOD 06/25/2004][LDF] |
| 06/30/2004 | 33 | Certificate of mailing (12 copies) RE: Item #31 [EOD 07/01/2004][BNC] |
| 07/22/2004 | 34 | ORDER closing case DISMISSED [EOD 07/22/2004][LB2] |

End of Docket Entries

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/05/2005 11:05:14 | | |
| PACER Login: | us7745 | Client Code: |
| Description: | Docket Print | Search Criteria: | 04-18621 |
| Billable Pages: | 1 | Cost: | 0.08 |

United States Bankruptcy Court, Central District of California - web Access to Court Electronic Records!

45

# United States Bankruptcy Court
## Central District of California

255 East Temple Street, Los Angeles, CA 90012

### ORDER AND NOTICE OF DISMISSAL FOR FAILURE TO APPEAR
### AT 341(a) MEETING OF CREDITORS WITH 180-DAY RESTRICTION

**DEBTOR(S) INFORMATION:**
KIM, JAMES
**SSN:** XXX-XX-0659
**EIN:** N/A
AKA  JAMES WON KIM
964 S GRAMERCY PL #6
LOS ANGELES, CA 90019

**BANKRUPTCY NO.** LA04-18621-TD

**CHAPTER** 7

The above debtor(s) has FAILED TO APPEAR for examination at the initial Section 341(a) meeting of creditors and any continuance thereof. The Court considers this a willful failure to abide by a court order within the meaning of 11 U.S.C. Section 109(g) and/or cause to dismiss the case within the meaning of 11 U.S.C. Section 707(a) and to vary the effect of 11 U.S.C. Section 349(a).

**IT IS ORDERED THAT:**

1) The case is dismissed, the automatic stay is vacated, and all pending motions and adversary proceedings are moot and dismissed.

2) Pursuant to 11 U.S.C. Section 109(g) and/or 11 U.S.C. Section 349 (a) and 11 U.S.C. Section 105(a), unless leave of the court is first obtained, any refiling of another bankruptcy petition by or against the debtor is prohibited for 180 days from the date this order is entered

3) Unless leave of the court is first obtained, if another bankruptcy petition is filed by or against the debtor within 180 days from the date this order is entered, the debtor will not be protected by the automatic stay under 11 U.S.C. Section 362.  Notwithstanding filing of a subsequent petition by or against the debtor, creditors may evict the debtor or foreclose and sell the debtor's property.

4) Any discharge entered in this case is hereby vacated in its entirety.

For The Court,

**JON D. CERETTO**
Clerk of Court

Dated: June 25, 2004

(Form rev. 03/98) VAN-22  31 /LDF

(Official Form 1) (9/97) West Group, Rochester, NY

**FORM B1**

## United States Bankruptcy Court
**CENTRAL** District of **CALIFORNIA**

| Name of Debtor (If Individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| *Kim, James* | |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): *aka James Won Kim* | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all): *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* | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): *964 S. Gramercy Pl., # 6 Los Angeles California 90019* | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the Principal Place of Business: *Orange* | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (If different from street address): *SAME* | Mailing Address of Joint Debtor (If different from street address): |

| Location of Principal Assets of Business Debtor (If different from street address above): *NOT APPLICABLE* |
|---|

**Information Regarding the Debtor (Check the Applicable Boxes)**

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☒ Chapter 7 | ☐ Chapter 11 | ☐ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other_____ | | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☒ Consumer/Non-Business | ☐ Business | ☒ Full Filing Fee attached |

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Statistical/Administrative Information** (Estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

04/15/2004   **FILED**   13:34
## LA04-18621TD
DEBTOR:
  KIM, JAMES
JUDGE: HON. T. Donovan - 552
TRUSTEE: BT62  CH: 07  (COMPLETE)
341A MTG: 05/18/2004  11:00  F08
ADR: 725 S. Figueroa St., #101  L.A.

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIF. ID: 710
RECEIPT NO: LA-012465  $ 209.00

**Voluntary Petition**

*(This page must be completed and filed in every case)*

FORM B1, Page 2

<table>
<tr><th colspan="3">Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)</th></tr>
<tr><td>Location<br>None</td><td>Case Number:</td><td>Date Filed:</td></tr>
<tr><th colspan="3">Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)</th></tr>
<tr><td>Name of Debtor:<br>None</td><td>Case Number:</td><td>Date Filed:</td></tr>
<tr><td>District:</td><td>Relationship:</td><td>Judge:</td></tr>
</table>

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _~~James King~~_
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date  4-10-04

X _~~K. Shahriari~~_
Signature of Attorney for Debtor(s)

**Korosh Shahriari, Esq.**
Printed Name of Attorney for Debtor(s)
**Law Offices of Shahriari & Associ**
Firm Name
**18137 Sigmond Circle**
Address
**Fountain Valley, CA 92708**

**(714) 448 9448**
Telephone Number

Date  4-10-04        166163
Bar Number

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐   Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _~~K. Shahriari~~_          4-10-04
Signature of Attorney for Debtor(s)    Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6 (6/90) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re  *James Kim*

Case No.
Chapter   7

_____ / Debtor

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $          0.00 | | |
| B-Personal Property | Yes | 2 | $        997.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $          0.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 1 | | $          0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $     33,839.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $        675.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $        675.00 |
| Total Number of Sheets in All Schedules ► | | 12 | | | |
| Total Assets ► | | | $        997.00 | | |
| Total Liabilities ► | | | | $     33,839.00 | |

FORM B6A (10/89) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor    Case No._____

<span style="float:right">(if known)</span>

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | None |
| | | | | |
| | | | | |

| | | | | |
|---|---|---|---|---|
| No continuation sheets attached | **TOTAL $**<br>(Report also on Summary of Schedules.) | | _0.00_ | |

50

FORM B6B (10/89) West Group, Rochester, N

In re _James Kim_ _____    / Debtor    Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on hand** Location: In debtor's possession | | $ 97.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods & furnishings** Location: In debtor's possession | | $ 300.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing apparel** Location: In debtor's possession | | $ 100.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |

Page  1  of  2

51

FORM B6B (10/89) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor    Case No. _____

<span style="float:right">(if known)</span>

# SCHEDULE B-PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _1983 Oldsmobile Sedan_<br>_Location: In debtor's possession_ | | $ 500.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total → | $ 997.00 |

<span style="float:right">(Report total also on Summary of Schedules.)<br>Include amounts from any continuation sheets attached.</span>

Page  2  of  2

FORM B6C (6/90) West Group, Rochester, NY

In re  *James Kim* _____ / Debtor    Case No. _____

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):  Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *Cash on hand* | *Calif. C.C.P. 703.140(b)(5)* | $ 97.00 | $ 97.00 |
| *Household goods & furnishings* | *Calif. C.C.P. 703.140(b)(5)* | $ 300.00 | $ 300.00 |
| *Wearing apparel* | *Calif. C.C.P. 703.140(b)(5)* | $ 100.00 | $ 100.00 |
| *1983 Oldsmobile Sedan* | *Calif. C.C.P. 703.140(b)(5)* | $ 500.00 | $ 500.00 |

Page No. _1_ of _1_

FORM B6D (6/90) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor    Case No._____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| No continuation sheets attached | | | | Subtotal $ (Total of this page) | | 0.00 | |
| | | | | Total $ (Use only on last page. Report total also on Summary of Schedules) | | 0.00 | |

54

FORM B6E (4/98) West Group, Rochester, NY

In re __James Kim_____ / Debtor          Case No._____

                                                                                        (if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS

Check the appropriate box(es) below if claims in that category are listed on the attached sheets.

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

FORM B6F (9/97) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor       Case No. _____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(if known)

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   5479-5316-1071-0011 <br> Creditor # : 1 <br> Advanta Bank Corp <br> P.O. Box 30715 <br> Salt Lake City UT 84130-0715 | | | | | | $ 5,753.00 |
| Account No:   4417-1123-1213-7740 <br> Creditor # : 2 <br> Bank One <br> P.O. Box 8650 <br> Wilmington DE 19899-8650 | | | | | | $ 3,413.00 |
| Account No:   5467-0200-0139-4306 <br> Creditor # : 3 <br> Bct GM Mastercard <br> Household Credit Services <br> P.O. Box 80027 <br> Salinas Califonia 93912-0027 | | | | | | $ 11,916.00 |
| Account No:   4802-1320-2904-2085 <br> Creditor # : 4 <br> Capital One <br> P.O. Box 85015 <br> Richmond VA 23285-5015 | | | | | | $ 4,162.00 |
| Account No:   5291-0716-3382-3545 <br> Creditor # : 5 <br> Capital One <br> P.O. Box 85015 <br> Richmond VA 23285-5015 | | | | | | $ 1,302.00 |

_1 continuation sheets attached_

Subtotal $ |  26,546.00
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _James Kim_____ / Debtor          Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | c o n t i n g e n t | u n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: **4791-2415-7785-3901** <br> *Creditor # : 6* <br> *Capital One* <br> *P.O. Box 85015* <br> *Richmond VA 23285* | | | | | | $ 5,405.00 |
| Account No: **5477-8780-0252-6129** <br> *Creditor # : 7* <br> *Citi Business Card* <br> *P.O. Box 44230* <br> *Jacksonville FL 32231-4230* | | | | | | $ 1,888.00 |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |

Sheet No. _1_ of _1_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal $ (Total of this page) | 7,293.00 |
| Total $ (Report total also on Summary of Schedules) | 33,839.00 |

FORM B6G (10/89) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor  Case No. _____
                                                                              (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of
creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

Page __1__ of __1__

58

FORM B6H (6/90) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor    Case No. _____
                                                                    (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

FORM B6I (6/90) West Group, Rochester, NY

In re _James Kim_ _____ / Debtor   Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: _Single_ | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 0.00 | $ 0.00 |
| Estimated Monthly Overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 0.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $ 0.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union Dues | $ 0.00 | $ 0.00 |
| d. Other (Specify): | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from Real Property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social Security or other government assistance Specify: _SSI_ | $ 675.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income Specify: | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 675.00 | $ 0.00 |
| TOTAL COMBINED MONTHLY INCOME $ 675.00 (Report also on Summary of Schedules) | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

Page No. _1_ of _1_

60

FORM B6J (6/90) West Group, Rochester, NY

In re **James Kim** _____ / Debtor    Case No. _____

<span style="float:right">(if known)</span>

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 300.00 |
| Are real estate taxes included?    Yes ☐   No ☒ | |
| Is property insurance included?    Yes ☐   No ☒ | |
| Utilities: Electricity and heating fuel | $ 0.00 |
|     Water and sewer | $ 0.00 |
|     Telephone | $ 40.00 |
|     Other | $ 0.00 |
| Home maintenance (Repairs and upkeep) | $ 0.00 |
| Food | $ 150.00 |
| Clothing | $ 25.00 |
| Laundry and dry cleaning | $ 20.00 |
| Medical and dental expenses | $ 65.00 |
| Transportation (not including car payments) | $ 45.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $ 0.00 |
|     Life | $ 0.00 |
|     Health | $ 0.00 |
|     Auto | $ 30.00 |
|     Other | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | |
|     Specify: | $ 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | $ 0.00 |
|     Other: | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other: | $ 0.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $ 675.00 |

**61**

Form 7 (10/89)  West Group, Rochester,

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *James Kim*
   *aka James Won Kim*

Case No.

Chapter  7

_____ / Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|

*Year to date:$2,700*
   *Last Year:  $7,150*
*Year before:  $7,800*

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 3a. Payments to creditors.

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs - Page 1

**3b.** List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 4a. Suits and administrative proceedings, executions, garnishments and attachments.

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 6a. Assignments and receiverships.

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**6b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Law Offices of Shahriari* *Address: 18137 Sigmond Circle, Fountain Valley, CA 92708* | *Date of Payment: April 2004* *Payor: James Kim* | *$350 attorney fees* |

## 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs - Page 2

Form 7 (10/89) West Group, Rochester,

**11. Closed financial accounts.**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

**12. Safe deposit boxes.**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**13. Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person.**

List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date  4-10-04          Signature

_James Kim_

Date _____          Signature _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

Statement of Affairs - Page 3

64

Rule 2016(b) (8/91) West Group, Rochester

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re *James Kim*
   aka *James Won Kim*

Case No.
Chapter **7**

_____ / Debtor

Attorney for Debtor: *Korosh Shahriari, Esq.*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.   The undersigned is the attorney for the debtor(s) in this case.

2.   The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a)   For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $      *350.00*
   b)   Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $      *350.00*
   c)   The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . $      *0.00*

3.   $      *200.00*      of the filing fee in this case has been paid.

4.   The Services rendered or to be rendered include the following:
   a)   Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b)   Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   c)   Representation of the debtor(s) at the meeting of creditors.

5.   The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6.   The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7.   The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8.   The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated:   **4 - 10 - 04**         Respectfully submitted,

X _____
Attorney for Petitioner: *Korosh Shahriari, Esq.*
                  *Law Offices of Shahriari*
                  *18137 Sigmond Circle*
                  *Fountain Valley CA  92708*



**U.S. Department of Justice**
*United States Trustee*

## FINANCIAL ANALYSIS SECTION

*Central District of California*
*725 S. Fiqueroa Street, 26th Floor*
*Los Angeles, California 90017*

*(213) 894-4480  FAX (213) 894-2603*

June 20, 2005

Walter Huff, Esq.
Law Office Of Walter Huff
200 S. Garfield Ave, Suite 303
Alhambra, CA 91801

**<u>VIA FAX (626) 284-6265 and ORIGINAL TO FOLLOW</u>**

Re: <u>OUST Investigation of Bankruptcy of Kim, James and Sugie, Case Number LA 05-17206-TD</u>

Dear  Mr. Huff,

Per conversation, the Office of the United States Trustee ("OUST") is conducting an investigation based upon the Petition, Schedules of Assets & Liabilities and Statement of Affairs you filed on behalf of your client ("Debtors"), Kim, James and Sugie, the Chapter 7 debtors reflected above.

Based upon the current information at the continued 341a meeting on June 10, 2005, the undersigned OUST trial counsel, Ms. Dare Law , requests that your Debtor provide written responses and documents to substantiate the representations by June 27, 2005.   Please provide documents and/or explanation to the following:

1.   Schedule F reflects debt of $212,705.  What was purchased with the credit cards?  When did these debts occur (Schedule F is "blank")?  Where cash advances used on the credit cards and using one card to pay another card?  How much?  Where did the money or the merchandise go? Please have debtors provide copies of all credit cards statements for the last two (2) years.

2.   Please have Debtor provide tax returns for tax years 2004, 2003, 2002, 2001 and the w-2 wage statements for those period?  What was Debtor's and wife's occupation and monthly salary for 2004,2003, 2002 and 2001.  How long has Debtors been unemployed and receiving SSI?  Is there any other household income?  How did the Debtor intend to repay this debt?

3.   Please provide bank statements for Washington Mutual and any other accounts for the two last years.

4.   Schedule J reflects minium expenses?  Who does the Debtors liv with?  Who is the landlord or the owners of the property?  Had the Debtors every had any interest on the property at 13103 Halcourt Ave.in Norwalk

Again, please remain mindful of  the now-pending June 27, 2005.  Thank you in advance for your expected and timely response and production.

Very truly yours,

Sam Lor, Bankruptcy Analyst

**66**
1

*Exh. 3*

| Page 11 | |
|---|---|
| In Re:   **JAMES S. KIM and SUGIE W. KIM** | Case No.: LA 05-17206-TD |

## DECLARATION OF SERVICE BY MAIL

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, in the Office of the United States Trustee under the supervision of a member of the bar of this Court at whose direction the service was made; I am over the age of eighteen (18) and not a party to the within action; and my business address is 725 South Figueroa Street, Suite 2600, Los Angeles, California 90017.

On July 7, 2005, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS CASE UNDER 11 U.S.C. § 707(a) or (b); DECLARATION OF YOLANDA CANNON IN SUPPORT THEREOF** consistent with Fed. R. Bankr. P. 1017(e) on the Debtor and Trustee at his last known address in this action by placing a true and correct copy thereof in a sealed envelope with first class postage thereon fully prepaid in the United States Mail at Los Angeles, California, addressed as follows:

**DEBTOR:**
James S. Kim and Sugie W. Kim
13103 Halcourt Avenue
Norwalk, CA 90650

**DEBTORS' ATTORNEY:**
Walter R. Huff, Esq.
200 S. Garfield Avenue, Suite 303
Alhambra, CA 91801

**CHAPTER 7 TRUSTEE:**
David Hahn
Hahn, Fife & Co., LLP
22342 Avenida Empressa, Suite 260
Rancho Margarita, CA 92688

I declare under the penalty of perjury that the foregoing is true and correct.

DATED: July 7, 2005

Deloris Owens